UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

FREDERICK NEVILLE,

    Plaintiff,

                             Case No.

v.

                             Hon.

ONE SOURCE CLEANING, INC.
d/b/a CORPORATE CLEANING GROUP

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
RYAN FOWLER
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com
rflower@bateylaw.com

---

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Frederick Neville (hereinafter "Plaintiff"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1.    Plaintiff is a resident of the City of Lansing, County of Ingham and State of Michigan.

2. Defendant, One Source Cleaning, Inc. d/b/a Corporate Cleaning Group (hereinafter "CCG") is a domestic profit corporation duly authorized to conduct business throughout the southeastern district of Michigan, whose resident agent is Len Yakuber, and whose registered office address is 39201 Schoolcraft Road, Suite B-12, Livonia, MI 48150.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c), and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

4. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination, adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA), and Michigan Persons with Disabilities Civil Rights Act ("MPDCRA").

5. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

**GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff was hired by Corporate Cleaning Group on or about August 6, 2018, and was most recently employed as a District Manager.

8. Plaintiff oversaw several employees at various work sites throughout the State.

9. On or about April 18, 2019, Plaintiff was working in a supply room when a door that was in storage fell on him, which caused immediate pain in his shoulder and back.

10. Plaintiff went to urgent care after the work accident, and expressed to Defendant that he was in extreme pain and discomfort, but Defendant told Plaintiff that he needs to be at work, so Plaintiff continued to work.

11. On or about April 24, 2019, still in extreme pain, Plaintiff reached out to Defendant's HR department to request FMLA time off to tend to his injury.

12. Defendant immediately denied Plaintiff's request and told Plaintiff "we don't deal with that."

13. On or about May 5, 2019, Plaintiff had an MRI, and was told that he had a "collapsed" disc in his back, and he was referred to a specialist.

14. On or about May 8, 2019, after learning that Plaintiff's injuries were more serious than initially thought, he was directed by Defendant's Operations Manager, Carrie Pratt, to get checked out by a doctor of Defendant's choosing at Concentra Medical Centers.

15. The doctor that Defendant directed Plaintiff to see prescribed Plaintiff to return to work subject to several restrictions including sitting 100 percent of the time, no squatting, and no kneeling.

16. On or about May 9, 2019, Defendant directed Plaintiff to another doctor at Sparrow Occupational Heath services, where the same restrictions from his previous doctor were continued, and a restriction of no prolonged driving was added.

17. Plaintiff promptly sent the required restrictions from his doctor to Defendant, including to the HR manager, and operations manager.

18. Defendant did not make any effort to accommodate Plaintiff's restrictions, or engage in the interactive process, and instead told Plaintiff that his restrictions were "too expensive for them to accommodate."

19. Plaintiff was able to perform the essential functions of his job with accommodations.

20. On or about May 19, 2019, Plaintiff was terminated due to his disability, and for requesting accommodations, and FMLA time.

21. After Plaintiff's termination it was discovered that he had several shattered discs in his spine due to the accident at work.

22. On or about December 3, 2019, Plaintiff underwent a laminectomy and spinal fusion operation.

23. Plaintiff filed a charge with the EEOC and received a Right to Sue letter on December 10, 2019.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

24. Plaintiff incorporates by reference paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. Plaintiff suffered a spinal injury which substantially interferes with major life activities and is a disability under The Americans with Disabilities Act of 1990 ("ADA").

26. Defendant perceived and regarded Plaintiff as being a person with a disability.

27. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

28. Plaintiff's disability was a factor in Defendant's employment decisions, including, termination.

29. Defendant is an employer within the meaning of the ADA.

30. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his disability, his perceived or regarded disability, and/or request for an accommodation, by Defendant, its employees and agents to the point where his

status as an employee has been detrimentally affected and he was terminated by Defendant.

31. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

32. Defendant and its agents, employees, and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disability;

    b. Violating the laws against discrimination by creating a hostile work environment which substantially interfered with his ability to do his job based on his disability; and

    c. Violating the laws against discrimination by terminating Plaintiff based exclusively upon his disability.

33. Defendant breached and violated its duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

 c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

 d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees;

 e. Failing to provide reasonable accommodations; and

 f. Suspending and terminating Plaintiff based upon his disability.

34. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

35. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including economic damages, wage loss, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS
## WITH DISABILITIES CIVIL RIGHTS ACT, MCLA §37.1101, *ET SEQ.*

36. Plaintiff incorporates by reference Paragraphs 1 through 35 above as though fully set forth herein.

37. Plaintiff suffered a spinal injury which substantially interferes with major life activities and is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

38. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

39. Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate him and terminating him.

40. Defendant is an employer within the meaning of the PWDCRA.

41. Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon his disability by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected and he was refused to be reasonably accommodated by Defendant and was terminated by Defendant.

42. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

43. Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful; and

   d. Preventing Plaintiff from having full and fair opportunities to his employment based upon his disability.

44. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

45. As a direct and proximate result of Defendants harassment and discrimination of Plaintiff solely on the basis that he had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

   a. Economic damages;

   b. Mental anguish;

   c. Fright;

    d. Shock;

    e. Embarrassment;

    f. Outrage;

    g. Anxiety;

    h. Emotional distress;

    i. Loss of self-esteem; and

    j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF THE FMLA

46. Plaintiff incorporates by reference paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. CCG was Plaintiff's "employer" within the meaning of the FMLA.

48. After sustaining a serious injury at work, Plaintiff requested to use FMLA time to recover.

49. Defendant violated the FMLA by denying Plaintiff's access to FMLA time, harassing, discriminating against, and/or retaliating, including termination

against the Plaintiff in significant part because he exercised rights under the FMLA.

50. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: March 5, 2020

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Frederick Neville, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

        By: /s/Scott P. Batey
            SCOTT P. BATEY (P54711)
            Attorney for Plaintiff
            30200 Telegraph Road, Suite 400
            Bingham Farms, Michigan 48025
            (248) 540-6800-telephone
            (248) 540-6814-fax
            sbatey@bateylaw.com

Dated:  March 5, 2020